

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

UNITED STATES OF AMERICA

v.                                  CRIMINAL NO. 3:15-00177
                                            18 U.S.C. § 1347

JOSHUA PETRIE

## I N F O R M A T I O N

The United States Attorney Charges:

### Background

At all relevant times:

1. The Medicare Program ("Medicare") was a federal program that provided free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and disabled. The benefits available under Medicare were prescribed by statute and by federal regulations under the auspices of the United States Department of Health and Human Services ("HHS"), through its agency, the Centers for Medicare and Medicaid Services ("CMS"). Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

2. Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

3. Part B of the Medicare Program was a medical insurance program that covered, among other things, certain durable medical equipment ("DME"), which is reusable medical equipment, and includes items like knee braces and back braces.

4. DME companies that sought to participate in Medicare Part B and bill Medicare for the cost of DME and related benefits, items, and services were required to apply for and receive a "provider number" from each program. The provider number allowed a DME company to submit bills, known as "claims," to Medicare to obtain reimbursement for the cost of DME and related health care benefits, items, and services that a DME company had supplied to beneficiaries.

5. Medicare reimbursed DME companies for providing back braces and knee braces to Medicare beneficiaries when certain conditions were met. Medicare required that DME companies fill orders from their own inventory or by contracting with other companies for the purchase of items necessary to fill an order. Medicare further required that each DME company be responsible for the delivery of items to beneficiaries and required that the item be delivered by a DME company before it could be billed.

6. To receive payment from Medicare, a DME company, using its provider number, would submit a health insurance claim form, known as a CMS-1500. Medicare permitted DME companies to submit a CMS-1500 electronically or by way of a paper claim form. The CMS-1500 required DME companies to provide certain information, including: (a) the Medicare beneficiary's name; (b) the Medicare beneficiary's identification number; (c) the name and identification number of the doctor who ordered the item or service that was the subject of the claim; (d) the health care benefits, items, or services that were supplied or provided to the beneficiary; (e) the billing codes for these benefits, items, or services; and (f) the date upon which the benefits, items, or services were provided.

7. DME companies, including S&N Medical Solutions, LLC and WeCare Medical, LLC, submitted claims to Medicare for certain back braces and knee braces using reference to a Healthcare Common Procedure Coding System ("HCPCS") Code. The amounts billed to and received from Medicare varied over time. The DMEs billed approximately $1,023 per a knee brace, (HCPCS Code L1845), while the Medicare reimbursement received by the DME per each knee brace averaged approximately $660. The DME

3

companies billed Medicare between approximately $1,079 to $1,121 for one type of back brace, (HCPCS Code L0631), while the Medicare reimbursement received by the DME for that back brace averaged approximately $725. The DME companies billed Medicare between approximately $1,379 and $1,487.22 for another type of back brace, (HCPCS Code L0637), while the Medicare reimbursement received by the DME for that back brace averaged approximately $759.

8. From at least 2009 through at least 2010, defendant JOSHUA PETRIE worked as a sales representative and fitter for back and knee braces manufactured by Performance Medical, including back braces represented by HCPCS Codes L0631 and L0637, and knee braces represented by HCPCS Code L1845. He was supervised by a person known to the United States Attorney, "Known Person One."

9. Defendant JOSHUA PETRIE often met with Medicare beneficiaries in a medical office belonging to a person known to the United States Attorney, "Dr. Known Person Two," in Huntington, Cabell County, West Virginia.

10. Defendant JOSHUA PETRIE also had relationships with certain DME companies, including S&N Medical Solutions, LLC and

4

WeCare Medical, LLC. Those DME companies submitted claims to and received reimbursement from Medicare for the HCPCS Codes L0631 and L0637 back braces and the HCPCS Code L1845 knee braces that defendant JOSHUA PETRIE purportedly provided to Medicare beneficiaries.

11. In addition to his income as a sales representative from the company associated with Known Person One, the DME companies also paid defendant JOSHUA PETRIE a specified amount per brace that he sold, approximately $100 per back brace and $50 per knee brace.

## The Scheme to Defraud

12. Beginning in or about May 4, 2010, and continuing thereafter through approximately December, 2010, at or near Huntington, Cabell County, West Virginia, within the Southern District of West Virginia and elsewhere, defendant JOSHUA PETRIE, aided and abetted by others known and unknown to the United States Attorney, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud a health care benefit program, that is, Medicare, and to obtain by means of material, false and fraudulent pretenses, representations, and promises, the money and property owned by, and under the

custody and control of Medicare, in connection with the delivery of and payment for health care benefits, items, and services.

13. Defendant JOSHUA PETRIE participated in the scheme to enrich himself and others, to obtain reimbursement from Medicare for the provision of equipment that was not provided, and to conceal these facts from Medicare.

### Manner and Means for Executing the Scheme

Defendant JOSHUA PETRIE executed the scheme to defraud in the following ways, among others:

14. Defendant JOSHUA PETRIE falsified documents that he provided to DME companies, knowing that the DME companies would rely on the documents to bill Medicare for knee and back braces. The falsified documents included:

   a. documents that appeared to be prescriptions and certificates of medical necessity for Medicare beneficiaries for back and knee braces, purportedly signed by Dr. Known Person Two, when in fact, as PETRIE knew, Dr. Known Person Two did not fill out or provide original signatures on the prescriptions and certificates of medical necessity; and

   b. documents purportedly signed or initialed by the Medicare beneficiary indicating that the braces had

6

been received by the Medicare beneficiary, when in fact, as PETRIE knew, the braces had not been received by the beneficiary and the Medicare beneficiary had not initialed or signed the documents.

15. Defendant JOSHUA PETRIE presented the DME companies with paperwork relating to the purported provision of the back and knee braces, including Medicare beneficiary cards demonstrating the beneficiary's enrollment in Medicare, along with other documents.

16. Through his relationship with the DME companies, defendant JOSHUA PETRIE would and did routinely cause Medicare to be billed by those DME companies for the provision of various types back braces and knee braces, even though, as he well knew, he had not provided certain knee and back braces.

17. The DME companies paid defendant JOSHUA PETRIE per brace for the braces that he represented that he provided to Medicare beneficiaries, even though, as he well knew, he had not provided certain knee and back braces.

18. Defendant JOSHUA PETRIE knew that the DME companies billed Medicare and received reimbursement from Medicare for the braces that defendant JOSHUA PETRIE represented that he provided

to the Medicare beneficiaries. Defendant JOSHUA PETRIE further knew that he had not delivered certain knee and back braces to the Medicare beneficiaries, although he represented to the DME companies that he had provided that equipment.

19. For example, on approximately October 6, 2010, defendant JOSHUA PETRIE met with Medicare beneficiary M.D. at the office of Dr. Known Person Two in Huntington, West Virginia. After the meeting, defendant JOSHUA PETRIE represented to S&N that he had provided M.D. with two knee braces, and presented a signed delivery ticket with the beneficiary's signature and a prescription purportedly signed by Dr. Known Person Two for knee braces. Defendant JOSHUA PETRIE knew that S&N would seek reimbursement from Medicare for the knee braces. Defendant JOSHUA PETRIE further knew that he did not provide M.D. with any knee braces. S&N sent a claim to Medicare seeking reimbursement for those knee braces on approximately December 15, 2010.

20. As another example, in late 2010, defendant JOSHUA PETRIE provided both S&N and WeCare with information that he had provided two knee braces to W.M., a patient of Dr. Known Person Two. Defendant JOSHUA PETRIE represented to S&N that on August 25, 2010, he provided two knee braces to W.M. on behalf of S&N,

8

and defendant JOSHUA PETRIE represented to WeCare that on September 1, 2010, he provided to knee braces to W.M. on behalf of WeCare. Based on defendant JOSHUA PETRIE's representations regarding his provision of knee braces, both S&N and WeCare billed Medicare for two knee braces, resulting in Medicare being billed for four knee braces for W.M. Defendant JOSHUA PETRIE further provided S&N documents indicating that W.M. had a prescription for two knee braces and a form with W.M.'s purported signature that he had received two knee braces. In fact, W.M. did not sign the form and received no knee braces, as defendant JOSHUA PETRIE knew. Furthermore, W.M. did not have issues with his knees. Defendant JOSHUA PETRIE knew that S&N and WeCare would and did bill Medicare for the knee braces based on his representations that he had provided W.M. with the braces.

21. Defendant JOSHUA PETRIE caused the DME companies S&N and WeCare to submit claims of more than approximately $38,000 to Medicare seeking reimbursement for back and knee braces that defendant JOSHUA PETRIE never provided to Medicare beneficiaries. The DME companies received more than approximately $23,000 in reimbursement for those undelivered braces.

In violation of Title 18, United States Code, Section 1347.

UNITED STATES OF AMERICA

R. BOOTH GOODWIN II
United States Attorney

By: _____
MEREDITH GEORGE THOMAS
Assistant United States Attorney